UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| CYNTHIA CONROY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EILEEN C. LAU | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:18-cv-01412 / CMH-IDD |
| CATHOLIC DIOCESE OF ARLINGTON | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS COUNT V OF THE COMPLAINT**

COMES NOW Defendant, Catholic Diocese of Arlington, by counsel, and for its Memorandum in Support of Motion to Dismiss Count V of the Complaint, states as follows:

**I.   INTRODUCTION**

Plaintiffs, Cynthia Conroy and Eileen Lau, allege they were previously employed by Defendant as Principal and Assistant Principal of St. Joseph School ("SJS"), respectively. Compl. ¶¶ 25-26. The pastor of SJS was Father Tom Bourque ("Father Tom"). Compl. ¶ 27. Father Tom had supervisory and managerial authority over Plaintiffs. Compl. ¶ 29. According to the Complaint, Plaintiffs allege that Father Tom engaged in discriminatory and hostile behavior towards both Plaintiffs and treated male employees differently than female employees. Compl. ¶¶ 92-94, 107-110. When Plaintiffs reported this behavior, they allegedly suffered retaliation and subsequent termination. Compl. ¶¶ 98-100, 114-116, 123-127, 137-139. Plaintiffs further allege that Defendant knew that Father Tom engaged in "discriminatory, retaliatory, hostile, harassing, inappropriate, unprofessional, and illegal behavior" and despite this, retained Father Tom in a

supervisory position over Plaintiffs. Compl. ¶¶ 152-153. Plaintiffs claim that had Father Tom been properly removed, he would not have had the opportunity to engage in this type of conduct or harm them. Compl. ¶ 159. They claim that as a direct result of his retention, they have suffered "anxiety, diminished self-confidence and self-worth, feelings of helplessness and hopelessness, insomnia, withdrawal from friends and family, fear and concern for [their] future ability to earn a living, crying, sadness, lack of concentration, humiliation, embarrassment, headaches, past and future loss of income and benefits of employment, lost career and business opportunities and advancement, medical expenses, other past pecuniary losses, future losses, and other nonpecuniary losses." Compl. ¶ 168. Plaintiffs also allege that Ms. Conroy sought counseling due to the impact of the stress on her physical and emotional health and that Ms. Lau was treated by a dentist after she started grinding her teeth due to stress. Compl. ¶ 169. Plaintiffs filed a Complaint alleging gender discrimination and hostile work environment, and retaliation and retaliatory discharge pursuant to Title VII of the Civil Rights Act of 1964 (Counts I – IV). Further, and based on these alleged injuries, Plaintiffs' Complaint also asserts a common law claim for negligent retention (Count V).

Plaintiffs' clain in Count V for negligent retention of an employee fails as matter of law because Plaintiffs fail to allege an actual serious and significant physical injury. Accordingly and as set forth below, Count V should be dismissed.

## II. LAW AND ARGUMENT

### A. Standard of Review

The court, "in deciding a Rule 12(b)(6) motion, must take all well-pleaded material allegations of a complaint as admitted and review them in the light most favorable to the plaintiff."

*De Sole v. United States*, 947 F. 2d 1169, 1171 (4th Cir. 1991). "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F. 3d 250, 255 (4th Cir. 2009). Under the standard established by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), compliance with Fed. R. Civ. P. 8(a)(2) requires more than "labels and conclusions," and a complaint must "state a claim to relief that is plausible on its face." *Id*. Facts that are "merely consistent with" a defendant's liability are insufficient to state a plausible claim. *Id*.

In order to survive a Motion to Dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). It is the court's obligation to "determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)) (internal quotation marks omitted).

In *Twombly*, the Court rejected the prior rule, set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court stated that *Conley's* "no set of facts" standard had "earned its retirement" and the "phrase is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563. Instead, the *Twombly* court stated that Fed. R. Civ.

P. 8 requires a greater showing - a complaint must present enough facts to state an entitlement to relief that is "plausible" on its face. *Id.* at 570.

### B. Count V (Negligent Retention of Employee) Fails to State a Claim Because There Are No Allegations of a Physical Injury

Under Virginia law, "[t]he tort of negligent retention is 'similar though distinct' from the tort of negligent hiring." *Lindsey v. Ricoh USA, Inc.*, 2018 U.S. Dist. LEXIS 69206, at *33 (E.D. Va. Apr. 24, 2018) (citing *Ingleson v. Burlington Med. Supplies, Inc.*, 141 F. Supp. 3d 579, 585 (E.D. Va. 2015)). A claim for negligent retention allows an employer to be held liable for "harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others]." *Southeast Apartments Mgmt., Inc. v. Jackman*, 257 Va. 256, 260-61, 513 S.E.2d 395 (1999). To plead a claim for negligent retention, Plaintiff must allege "(1) the employer knows or should know that the employee poses an unreasonable risk of harm to others, (2) the employer fails to attempt to prevent further harm by the employee, and (3) the employee subsequently injures another person." *Tomlin v. IBM Corp.*, 84 Va. Cir. 280, 290 (Fairfax Cir. Ct. 2012).

Both the Eastern and Western Districts have recognized that a plaintiff alleging negligent retention under Virginia Law must allege serious and significant physical injuries in order to state a claim. *See, e.g., Ingleson*, 141 F. Supp. 3d at 585 ("[A] plaintiff alleging negligent retention must allege serious and significant physical harm."); *Ali v. Coleman*, No. 12cv560, 2013 U.S. Dist. LEXIS 111256, 2013 WL 4040444, at *3 (E.D. Va. Aug. 6, 2013) ("[P]hysical injury is a necessary element of negligent retention."); *Griffith v. Wal-Mart Stores E., L.P.*, No. 6:12-cv-00011, 2012 U.S. Dist. LEXIS 162353, 2012 WL 5465501, at *30-32 (W.D. Va. Aug. 24, 2012) (noting that negligent retention is premised on a situation involving "unreasonable risk of

4

harm to others," which in turn "requires the threat of serious and significant physical injury"). Claims of stress, mental anguish, and emotional distress, without a contemporaneous serious physical injury, are inadequate to support a claim for negligent retention. *See, e.g., Ingleson*, 141 F. Supp. 3d at 586 (finding that the plaintiff's claims of post-harassment physical symptoms including headache and nausea were not sufficient); *Griffith*, 2012 U.S. Dist. LEXIS 162353, *31-32 (finding that the plaintiff's alleged injuries, which included "depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering," fell "woefully short of alleging a physical injury" and dismissing the claim for negligent retention).

Based on the above, it is clear that Plaintiffs have failed to allege sufficient physical injury to support their claim for negligent retention under Virginia law. In their Complaint, Plaintiffs claim that they suffered a variety of customary emotional injuries and loss of business opportunities and income. The only physical symptoms alleged are headaches and insomnia, and Ms. Lau's teeth grinding, which is essentially an offshoot of her claims of stress. As was the case with the plaintiff in *Ingleson* who alleged headaches and nausea, these types of "physical" injuries are simply not sufficient to sustain a claim for negligent retention. As such, Plaintiffs' claim for negligent retention fails to state a claim and should be dismissed.

### III. CONCLUSION

WHEREFORE, for all of the foregoing reasons and for any additional reasons which may be argued at a hearing of this matter, the defendant, by counsel, respectfully requests that this court grant its Motion to Dismiss Count V of the Complaint, and dismiss Count V, with prejudice, for failure to state a plausible claim pursuant to Rule 12(b)(6).

**CATHOLIC DIOCESE OF ARLINGTON**

By Counsel

/s/
Julia B. Judkins, Esq., VSB #22597
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
jjudkins@bmhjlaw.com
*Counsel for Defendant Catholic Diocese of Arlington*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2019, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss Count V of the Complaint, with the clerk of court using the CM/ECF system which such system will send a notification of filing to the following counsel of record:

> Carla D. Brown, Esq., VSB #44803
> Charlson Bredehoft Cohen & Brown, P.C.
> 11260 Roger Bacon Drive, Suite 201
> Reston, Virginia 20190
> Washington, D.C. 20036
> (703) 318-6800 (telephone)
> (703) 318-6808 (facsimile)
> *Counsel for Plaintiffs*

/s/
Julia B. Judkins
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
jjudkins@bmhjlaw.com
*Counsel for Defendant*